JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Wells

**DEFENDANTS**
PNC Bank, NA

**(b)** County of Residence of First Listed Plaintiff  **Bucks County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Bucks County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kalikhman & Rayz, LLC
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006   Phone: (215) 364-5030

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101
Brief description of cause:
Violation of the ADA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
02/01/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 83 Buck Road, Southampton, PA 18966

Place of Accident, Incident or Transaction: Bucks County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 42 U.S.C. § 12101 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 2/1/2018 _____   _____   87976

Attorney-at-Law           Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/1/2018 _____   _____   87976

Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WELLS | : | CIVIL ACTION |
| v. | : | |
| PNC BANK, NA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )


| | | |
|---|---|---|
| ___2/1/2018___ | _____ | ___Plaintiff___ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| __(215) 364-5030__ | __(215) 364-5029__ | __erayz@kalraylaw.com__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH WELLS, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff(s) | CLASS ACTION COMPLAINT |
| v. | |
| PNC BANK, N.A. | Jury Trial Demanded |
| Defendant | |

## CLASS ACTION COMPLAINT

Plaintiff Elizabeth Wells ("Plaintiff" or "Wells"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      Plaintiff is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations.

2.      Plaintiff brings this action individually and on behalf of others similarly situated against PNC Bank ("Defendant") for violations of the ADA and its implementing regulations in connection with accessibility barriers in the parking lot of Defendant's branch location at 83 Buck Road, Southampton, PA 18966 (the "Buck Road Branch").

3.      Plaintiff has suffered from a long history of mobility-related impairments that began with the removal of cartilage in both knees as a result of a work-related injury in the 1980s.  In 2001, she underwent a double knee replacement procedure.  Despite this surgery, Plaintiff still has (i) limited mobility, (ii) trouble walking distances and up/down steep inclines,

and (iii) trouble walking on uneven or unsecure surfaces (such as sand, gravel, and soft dirt).

4.      Plaintiff currently suffers from osteoarthritis and traumatic arthritis of the left ankle.[1]  These physical problems require her to use a physician-prescribed walker or cane on a daily basis, depending on the severity of her daily pain.  Indeed, at times, her physical mobility issues have required her to need the assistance of a wheelchair to maintain her limited mobility.

5.      Plaintiff's vehicle is registered as a "handicapped" vehicle with the Commonwealth of Pennsylvania's Department of Transportation and, consequently, bears a "handicapped" license plate.

6.      Because of her condition, Plaintiff requires the use of "handicap" parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

7.      Plaintiff maintains an account with Defendant, and has patronized Defendant's Buck Road Branch in the past, and will continue to do so in the future.

8.      In patronizing the Buck Road Branch, Plaintiff was denied full access to Defendant's facilities due to its non-compliance with the ADA.

9.      As set forth below, Defendant has failed to comply with the ADA's regulations.

10.     Consequently, Plaintiff alleges that Defendant violated the ADA and its implementing regulations.

11.     Unless Defendant is required to remove the access barriers described below, and required to change its policies and practices so that access barriers do not reoccur at the Buck Road Branch, Plaintiff and the proposed Class will continue to be denied full and equal access to that facility as described, and will be deterred from patronizing the Buck Road Branch.

12.     The ADA permits private individuals, such as Plaintiff, to bring suit in federal

---

[1] Plaintiff's present acute medical issue is that she suffers from a bimalleolar fracture of the left ankle, which has required multiple surgeries to address.

court to compel compliance with the ADA.

13.     Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that the Buck Road Branch violate federal law (as described); and (ii) an injunction requiring Defendant to remove the identified access barriers, so that they are fully accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and the class she seeks to represent.

14.     Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

16.     Plaintiff's claims asserted herein arose in this judicial district and Defendant maintains its headquarters and/or does substantial business in this judicial district.

17.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

18.     Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  Plaintiff is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

19.     Defendant PNC Bank, N.A. is a national banking association that provides personal and commercial banking services.  PNC Bank, N.A. is a direct subsidiary of The PNC Bancorp, Inc. and is headquartered in Pittsburgh, Pennsylvania.

20.     Defendant is a "public accommodation" pursuant to 42 U.S.C. § 12181(7)(F).

## TITLE III OF THE ADA

21.     On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

22.     The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

23.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

24.     Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability.  42 U.S.C. § 12182(b)(1)(D).

25.     Bank branch locations, like the Buck Road Branch, are public accommodations. 42 U.S.C. § 12181(7).

26.     On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 C.F.R. § 36.[2]

27.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28

---

[2] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

C.F.R. § 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG"), published by the Access Board on the same date.[3]

28.     The ADA requires removal of existing architectural barriers in facilities existing before January 26, 1992, where such removal is readily achievable.  See 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304(a).

29.     Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs.  See 28 C.F.R. § 36.401 and 28 C.F.R. § 36.402.

30.     The DOJ revised the 1991 ADAAG when it issued The 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

31.     Notably, many of the requirements with respect to parking remained the same in the 2010 Standards.

32.     As set forth below, Defendant has failed to comply with those requirements.

**VIOLATIONS AT ISSUE**

33.     The Buck Road Branch is not fully accessible to, and independently usable by, individuals with disabilities.

34.     Plaintiff most recently visited the Buck Road Branch on or about December 22, 2017.

---

[3] The Access Board was established by section 502 of the Rehabilitation Act of 1973.  See 29 U.S.C. § 792.  The passage of the ADA expanded the Access Board's responsibilities.  The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities."  42 U.S.C. § 12204.  The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. §§ 12134(c), 12186(c).

35.    The Buck Road Branch is within Plaintiff's regular area of travel.  She has patronized this location in the past and intends to do so again in the future.

36.    During one or more of her recent visits, Plaintiff experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to use, Defendant's facility.

37.    The Buck Road Branch is located on a major thoroughfare, in a building surrounded by its own parking lot, as visible from an image below:



38.    As an initial matter, the Buck Road Branch parking spaces lack the requisite parking space identification signs that include the requisite International Symbol of Accessibility, which constitutes a violation of Section 502.6 of the 2010 Standards:

39.    Additionally, no parking spaces at the Buck Road Branch are designated "van accessible," as required by Section 502.6 of the 2010 Standards, which states that "signs identifying van parking spaces shall contain the designation 'van accessible,'" and said "signs shall be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign."

40.    Furthermore Section 208.2.4 of the 2010 Standards requires at least one "van accessible" designated parking space for every six "handicapped" accessible parking spaces a

facility maintains.

41.     Section 502.2 of the 2010 Standards states "van parking spaces shall be 132 inches (3350 mm) wide minimum, shall be marked to define the width, and shall have an adjacent access aisle complying with 502.3."

42.     Each of the parking spaces at the Buck Road Branch was uniform in width and there are no "van accessible" designated spaces having a width of 132 inches.

43.     While the 2010 Standards allow for an exception to the requirement of van designated spaces having a width of 132 inches, no such exception exists for the Buck Road Branch.  Indeed a van designated space may have a width of 96 inches, so long as the access aisle next to the van designated space is also 96 inches wide.  The access aisle at the Buck Road Branch is less than 96 inches wide.

44.     The failure to include the proper van designated space constitutes a violation of Section 502.2 of the 2010 Standards.

45.     The accessibility barriers Plaintiff encountered at the Buck Road Branch, however, did not end at the parking lot.

46.     On a visit in August or September of 2017, when Plaintiff was using her Bariatric walker (which measures over 25 inches wide from outer wheel to outer wheel), Plaintiff was unable to independently open the doors located at the entrance of Defendant's facility.

47.     At the Buck Road Branch, there is a single entrance for the public to use.  The doors to this entrance are "double-leaf" doors.

48.     Pursuant to Section 404.2.2 of the 2010 Standards, one active leaf of a "double leaf" door is required to meet the criteria for clear width.  Pursuant to Section 404.2.3, the clear width must be at least 32 inches, measured from the stop to the face of the door when open at

ninety degrees.

49.     Upon information and belief, neither leaf of the "double leaf" doors at the Buck Road Branch measures at least 32 inches – in violation of the ADA – as the doorway was not wide enough to accommodate Plaintiff's Bariatric walker when she opened only one leaf and attempted to enter.

50.     Consequently, due to the narrow nature of each leaf of the doorway, the security guard had to assist Plaintiff in opening both leafs of the door in order for her to get her walker through.  During this time, Plaintiff noticed that the door was very heavy.

51.     Once inside, Plaintiff heard another patron complain of the door's weight to Defendant's personnel.  In response, the teller stated that there "was nothing they could do."

52.     Plaintiff will continue to attempt to use Defendant's facilities.  However, so long as Defendant continues to violate the ADA, Plaintiff will be unable to use them independently and will be, thereby, denied full access to Defendant's facilities.

53.     Plaintiff requests periodic monitoring to confirm that the public accommodations are brought into compliance and remain in compliance.

54.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's facilities.

## CLASS ACTION ALLEGATIONS

55.     Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have attempted to access, or will attempt to access Defendant's facilities (the "Class").

56.     Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual

claims of the respective Class members through this class action will benefit both the parties and this Court.

57.    <u>Typicality:</u>   Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

58.    <u>Common Questions of Fact and Law:</u>   There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

59.    The questions of fact and law common to the class include but are not limited to the following:

> a.    Whether Defendant is a "public accommodation" under the ADA;
>
> b.    Whether Defendant's conduct in failing to make its facilities fully accessible and independently usable as described above violated the ADA;
>
> c.    Whether Defendant's system or procedures for ensuring ADA compliance is adequate and appropriate; and
>
> d.    Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

60.    <u>Adequacy of Representation:</u>   Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class.  Plaintiff has retained counsel

who are competent and experienced in the prosecution of class action litigation and, specifically, those involving violations of the ADA and the underlying regulations.

61.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## COUNT I
## VIOLATION OF THE ADA

62.     The allegations contained in the previous paragraphs are incorporated by reference.

63.     Defendant's facilities were required to be altered, designed, or constructed so that they are readily accessible and usable by disabled individuals, including individuals who use wheelchairs.  See 42 U.S.C. § 12183(a)(1).

64.     The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, including Plaintiff and the class she seeks to represent.

65.     The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

66.     Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R. § 36, app. A.

67.     Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  42 U.S.C. § 12182(a).

10

68.     Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of the ADA, as described above.

69.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations be fully accessible to, and independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

70.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its facilities be accessible to, and independently usable, by individuals with disabilities is likely to recur.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

a.      A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

b.      A permanent injunction which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

     c.      An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

     d.      Payment of costs of suit;

     e.      Payment of reasonable attorneys' fees; and

     f.      The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: <u>January 31, 2018</u>

          Respectfully submitted,
          **KALIKHMAN & RAYZ, LLC**

          Arkady "Eric" Rayz
          Demetri A. Braynin
          1051 County Line Road, Suite "A"
          Huntingdon Valley, PA 19006
          Telephone:  (215) 364-5030
          Facsimile:  (215) 364-5029
          E-mail: erayz@kalraylaw.com
          E-mail: dbraynin@kalraylaw.com

          Counsel for Plaintiff and the Proposed Class